**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

TM:GMP
F.#2009R01126

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 20, 2010

By Hand Delivery & ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Sebastian DeRosa
           Criminal Docket No. 09-672 (S-1)(NGG)

Dear Judge Garaufis:

      The government respectfully submits this letter in advance of the sentencing in the above-referenced case, currently scheduled for December 20, 2010.  On June 21, 2010, the defendant pleaded guilty pursuant to a plea agreement to Count Twenty-Three of a thirty-eight count superseding indictment.  Count Twenty-Three of the superseding indictment charges that between May 1, 2006 and November 17, 2008, the defendant conspired to make an extortionate extension of credit to John Doe #1, in violation of Title 18, United States Code, Section 892(a).

      The Probation Department has determined that the defendant's adjusted offense level is 17 and his Criminal History Category is I, resulting in an advisory Sentencing Guidelines Range of 24 to 30 months of incarceration.  (PSR ¶ 77).  In addition, the government has agreed that the defendant should receive a one-point "global" adjustment pursuant to U.S.S.G. § 5K2.0 and paragraph 2 of the plea agreement.  Accordingly, the government respectfully submits that the appropriate adjusted offense level is 16, which carries a Sentencing Guidelines range of 21 to 27 months of imprisonment.  Notably, the defendant stipulated to this Guidelines calculation as a part of his plea agreement.  See Plea Agreement ¶ 2.

      Though the defendant characterizes himself as an "honest hardworking family man" (Def. Mem. at 1), he committed the serious crime of extortionate extension of credit conspiracy, a crime of violence.  As described in the PSR, the defendant lent money to John Doe #1 at exorbitant rates of interest and relied upon Anthony Sclafani, a high-ranking member of the Bonanno crime family, to collect the payments.  (PSR ¶ 25).  After some time, John Doe #1 was unable to continue to make the weekly payments

due on the loan. (PSR ¶ 19). As a result, Sclafani began threatening John Doe #1 with physical harm. (Id.). Given the serious nature of the underlying offense and the fact that the defendant sought monetary gain as the result of threats imposed by others, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B).

The defendant suggests that he should receive a sentence of probation based, in part, upon his health. The defendant's health issues include high blood pressure, an enlarged prostate, hearing loss, high cholesterol and recent herniated disc surgery. (PSR ¶¶ 59-60). All of these conditions appear to be controlled by medication. (Id.) In considering a non-Guidelines sentence based on the defendant's health, the Second Circuit has stressed that "in order to warrant a departure resulting in a nonincarceratory sentence on the basis of an extraordinary health condition, the defendant must be seriously infirm with [a] medical condition that cannot be adequately cared for by [the] Bureau of Prisons." United States v. Cutler, 520 F.3d 136, 172 (2d Cir. 2008) (internal quotation marks and citations omitted); see also United States v. Conlon, 429 F. Supp. 2d 473 (D. Conn. 2006), aff'd, 2007 U.S. App. LEXIS 26450 (2d Cir. 2007) (concluding that because the defendant's health was being managed, the defendant did not meet the burden of showing an extraordinary medical hardship under § 5H1.4 or § 5K2.0). There is no indication in the record that the Bureau of Prisons is unable to adequately address the defendant's conditions and, accordingly, there is no basis to give the defendant a non-custodial sentence based on his health.

Given the nature of the extortion conspiracy and the threats endured by John Doe #1, as well as the fact that the defendant had the most to gain from the extortion conspiracy in which he participated, a sentence of incarceration is appropriate. In fact, a lesser sentence would promote disrespect for the law. See, e.g., Cutler, 520 F.3d at 154 (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law"). Thus, a sentence of probation is not appropriate, and the defendant should be sentenced within the applicable advisory Guidelines range of 21 to 27 months.

## Conclusion

For the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 21 to 27 months.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By: _____/s/_____
    Nicole M. Argentieri
    Stephen Frank
    Gina M. Parlovecchio
    Assistant U.S. Attorneys
    (718) 254-6228

cc:  Joseph Sorrentino, Esq. (By ECF)
     Clerk of Court (NGG) (By ECF)